Citation Nr: AXXXXXXXX
Decision Date: 10/29/21 Archive Date: 10/29/21

DOCKET NO. 191004-37526
DATE: October 29, 2021

ORDER

The issue of entitlement to a disability rating greater than 10 percent for degenerative joint disease, lumbar spine (lumbar spine disability), is dismissed.

The issue of entitlement to a compensable disability rating for tension headaches is dismissed.

The issue of entitlement to service connection for surgical complications of pregnancy is dismissed.

The issue of whether new and relevant evidence has been received to readjudicate entitlement to service connection for plantar fasciitis, right foot, is dismissed.

The issue of whether new and relevant evidence has been received to readjudicate entitlement to service connection for plantar fasciitis, left foot, is dismissed.

FINDING OF FACT

On January 21, 2021, prior to the promulgation of a Board of Veterans' Appeals (Board) decision, the Veteran indicated that she wished to withdraw her entire appeal from appellate consideration.

CONCLUSION OF LAW

1. The criteria for withdrawal of the issue of entitlement to a disability rating greater than 10 percent for degenerative joint disease, lumbar spine, are met. 38 U.S.C. § 7105; 38 C.F.R. § 20.205.

2. The criteria for withdrawal of the issue of entitlement to a compensable disability rating for tension headaches are met. 38 U.S.C. § 7105; 38 C.F.R. § 20.205.

3. The criteria for withdrawal of the issue of entitlement to service connection for surgical complications of pregnancy are met. 38 U.S.C. § 7105; 38 C.F.R. § 20.205.

4. The criteria for withdrawal of the issue of whether new and relevant evidence has been received to readjudicate entitlement to service connection for plantar fasciitis, right foot, are met. 38 U.S.C. § 7105; 38 C.F.R. § 20.205.

5. The criteria for withdrawal of the issue of whether new and relevant evidence has been received to readjudicate entitlement to service connection for plantar fasciitis, left foot, are met. 38 U.S.C. § 7105; 38 C.F.R. § 20.205.

REASONS AND BASES FOR FINDING AND CONCLUSIONS

The Veteran served on active duty from September 1994 to August 1997.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law created a new framework for veterans dissatisfied with VA's decision on their claims to seek review. This decision has been written consistent with the new AMA framework. 

On July 25, 2017, the Department of Veterans Affairs (VA) received the Veteran's intent to file a claim for compensation. Thereafter, on July 3, 2018, VA received the Veteran's claim for, among other issues, service connection for a low back disability and plantar fasciitis. In a September 2018 rating decision, a VA Regional Office (RO) denied entitlement to service connection for plantar fasciitis of both feet. However, the RO also granted service connection for a lumbar spine disability. In granting service connection, the RO assigned an initial 10 percent rating, effective July 25, 2017.

About 3 months later, in December 2018, the Veteran filed another claim seeking (1) an increased rating for her lumbar spine disability; (2) service connection for plantar fasciitis of both feet; (3) service connection for headaches; and (4) service connection for surgical complications of pregnancy.

Subsequently, on July 16, 2019, a VA RO issued another rating decision (1) denying a disability rating greater than 10 percent for the lumbar spine; (2) granting service connection for tension headaches, assigning an initial noncompensable rating, effective December 6, 2018; (3) denying service connection for surgical complications of pregnancy; and (4) finding that new and relevant evidence had not been received to readjudicate the issues of service connection for plantar fasciitis of the left and right foot. VA issued notification of this decision on July 19, 2019.

The Veteran disagreed with this result and, on October 4, 2019, she filed a VA Form 10182, Notice of Disagreement (NOD), with the Board. On her NOD, the Veteran selected the Hearing review option.

Thereafter, on January 20, 2021, the Veteran spoke with a VA employee via telephone concerning the status of her appeal. This conversation was memorialized in a VA Form 27-0820, Report of General Information, added to the claims file that same day. During this conversation, the Veteran expressed that she wanted to "ensure the appeal put in by her [now former] attorney was closed."

In response to the Veteran's January 20, 2021 statement, the Board sent her a clarification letter on July 21, 2021. In this letter, the Board requested that the Veteran clarify whether she sought to withdraw from appellate consideration the issues of entitlement to increased ratings for the lumbar spine and tension headaches; entitlement to service connection for surgical complications of pregnancy; and whether new and relevant evidence has been received to readjudicate service connection for bilateral plantar fasciitis. The letter informed the Veteran that if she did not reply within 30 days, the Board would assume that she sought withdrawal of all of the above issues. More than 30 days have passed since the issuance of the July 21, 2021 letter and the Veteran has not replied.

Generally, the Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C. § 7105. An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.205. Withdrawal may be made by the appellant or by his or her authorized representative. Id. In light of the Veteran's January 2021 statement and her lack of a response to the July 2021 letter, the Board concludes that the Veteran has withdrawn her entire appeal. Hence, there remain no allegations of errors of fact or law for appellate consideration. Accordingly, the Board does not have jurisdiction to review the appeal and it is dismissed.

 

 

S.C. KREMBS

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board N.S. Pettine, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.